MEIER *v.* ORR, RECEIVER

[No. 16,183. Filed October 16, 1939. Rehearing
denied February 15, 1940.]

*Earl S. Cummings,* and *Louis Meier,* for appellant.
*Walter F. Wood,* for appellee.

LAYMON, J.—This is an action by appellee to re-
cover upon a promissory note alleged to have been
executed by appellant to appellee's bank on January
4, 1924, and to foreclose a mortgage on certain real es-
tate situated in Sullivan County, Indiana. The mort-

gage was alleged to have been executed by appellant to secure the payment of the note.

There were sundry pleadings, but no good purpose would be served by extending this opinion to describe them.

Upon proper request the trial court made a special finding of facts and stated its conclusions of law thereon. The facts pertinent to this appeal, as found by the trial court, are:

"The Peoples State Bank of Carlisle, Indiana, was a banking corporation duly organized under the banking laws of the State of Indiana, and was engaged as such in the banking business at Carlisle, Sullivan County, Indiana for more than thirty years prior to the 13th day of August, 1932, and that on the 13th day of August, 1932, it closed its doors, and has not since done any business, as such bank.

"That William G. Orr is the duly appointed, qualified and acting receiver of the Peoples State Bank of Carlisle, Indiana, and was appointed as such receiver by the Circuit Court of Sullivan County, Indiana, on the 27th day of August, 1932.

"That on the 4th day of January, 1924, the defendant Louis Meier executed to the Peoples State Bank of Carlisle, Indiana, his promissory note of that date wherein he agreed to pay said bank one day after date the sum of Two Thousand ($2,-000.00) dollars, with interest thereon at the rate of six per cent (6%) from date until paid. That interest was paid on said note up to the 4th day of July, 1930.

"That there is now due and unpaid on said note as principal and interest the sum of Two Thousand Eight Hundred ($2,800.00), dollars.

"That to secure the payment of said note the defendant, Louis Meier, executed to said Peoples State Bank of Carlisle, Indiana, on the 28th day of February, 1924, his mortgage on the following described real estate in Sullivan County, Indiana, to-wit:

"[Real estate].

"That no payments on the principal have ever been paid on said note or mortgage. That the interest on said note and mortgage was paid up to the 4th day of July, 1930.

Upon the facts found the court stated its conclusions of law, which were favorable to appellee, and rendered judgment accordingly. Appellant excepted to each conclusion of law and prayed and perfected this appeal, assigning as error, that the Sullivan Circuit Court had no jurisdiction over the subject-matter of the action or over the person of the appellee, and that the court erred in each of its conclusions of law.

In challenging the jurisdiction of the trial court over the subject-matter of the action and over the person of the appellee, appellant asserts that the court, by its special finding of facts, in effect found that appellee's bank had ceased to have any corporate existence for more than seven years and that its charter had expired by limitation. It is contended that therefore the appointment of appellee as receiver was void and that consequently the court had no jurisdiction over the subject-matter of the action or the person of appellee.

It may be pointed out that the right of appellee to sue was not questioned in the trial court or presented to the court by any issue. Furthermore, appellant, by way of pleading, alleged that William G. Orr was the duly appointed, qualified and acting receiver of said bank, and that said bank was a duly organized bank at the time the receiver was appointed. It is sufficient to say that the special finding of facts is not susceptible to appellant's construction.

Appellant further contends that the facts found by the court are insufficient to sustain the conclusions of

law, in that the court failed to find that appellant had executed the instruments in suit. This view is not sustained by the record. The court expressly stated that the note and mortgage were executed by appellant.

No reversible error having been shown, the judgment is affirmed.

Bridwell, J., not participating.